IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JARMAL JABBAR SANDERS, REV., M.D., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CASE NO. 2:22-cv-334-MHT-JTA |
| JOHN H. MERRILL, | ) ) ) | |
| Defendant. | ) | |

**ORDER**

Before the court are Plaintiff's Motion to be Placed on the Court's Calendar (Doc. No. 5) and Motion for Appointment of Counsel (Doc. No. 6). In Plaintiff's first motion, he urges the court to set a hearing on his request for appointment of counsel. (Doc. No. 5.) Plaintiff states that he attached a sworn affidavit in support of his motion, but no such affidavit was attached. (*See id*.) In Plaintiff's second motion, he urges the court to appoint counsel for him and attaches as an exhibit a photograph of himself. (Doc. No. 6.) Plaintiff states no factual basis as to why this court should appoint him counsel. (*See id*.)

A plaintiff in a civil case has no constitutional right to counsel. While an indigent plaintiff may be appointed counsel pursuant to 28 U.S.C. § 1915(e)(1), a court retains broad discretion in making this decision. *See Killian v. Holt*, 166 F.3d 1156, 1157 (11th Cir. 1999).

Here, the court finds from its review of the complaint that Plaintiff is able to adequately articulate the facts and grounds for relief in the instant matter without notable

difficulty. Furthermore, the court concludes that Plaintiff's complaint is not of undue complexity and that he has not shown that there are exceptional circumstances justifying appointment of counsel. *See Kilgo v. Ricks*, 983 F.2d 189, 193 (11th Cir. 1993); *Dean v. Barber*, 951 F.2d 1210, 1216 (11th Cir. 1992); *see also Fowler v. Jones*, 899 F.2d 1088, 1096 (11th Cir. 1990). Therefore, in the exercise of its discretion, the court shall deny Plaintiff's request for appointment of counsel at this time. The request may be reconsidered if warranted by further developments in this case. Accordingly, it is hereby

ORDERED as follows:

1. Plaintiff's Motion for Appointment of Counsel (Doc. No. 6) is DENIED.

2. Plaintiff's Motion to be Placed on the Court's Calendar (Doc. No. 5) is DENIED as moot.

DONE this 21st day of June, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE