IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JARMAL JABBAR SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-334-MHT-JTA |
| | ) | |
| JOHN H. MERRILL, | ) | |
| | ) | |
| Defendants. | ) | |

## **ORDER**

Before the court is the Complaint (Doc. No. 1) filed by Plaintiff Jarmal Jabbar Sanders. On June 21, 2022, the court granted Plaintiff's motion to proceed *in forma pauperis*. (Doc. No. 7.) When a litigant is allowed to proceed *in forma pauperis* in this court, the court will screen the litigant's complaint in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). Section 1915(e)(2) requires a district court to dismiss the complaint of a party proceeding *in forma pauperis* whenever the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

The standard that governs a dismissal under Federal Rule of Civil Procedure 12(b)(6) also applies to dismissal for failure to state a claim upon which relief can be

1

granted under 28 U.S.C. §1915(e)(2)(B)(ii). *Douglas v. Yates*, 535 F.3d 1316, 1320 (11th Cir. 2008). In applying this standard, the complaint of a *pro se* plaintiff must be liberally construed. *Douglas*, 535 F.3d at 1320. Nevertheless, the factual allegations in the complaint must state a plausible claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), and the court is not "'bound to accept as true a legal conclusion couched as a factual allegation.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The factual allegations need not be detailed but "must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations omitted); *see also Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (applying *Twombly* to a *pro se* complaint). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. 662, 678. *See also Twombly*, 550 U.S. at 555 (holding that a complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.").

In the Complaint, Plaintiff alleges that Defendant Alabama Secretary of State John H. Merrill violated his Fourteenth Amendment due process rights by declining to allow him to be placed on the ballot for Alabama State House of Representatives, District 67, for the November 2022 election. (Doc. No. 1 at 1-2; Doc. No 1-1 at 1.) Defendant's stated reason for declining to place Plaintiff on the ballot was that Plaintiff did not collect the

required number of signatures. (Doc. No. 1 at 1-2; Doc. No. 1-1 at 1.) Plaintiff alleges that unspecified federal and state "Covid-19 [r]elief laws" entitle him to relief from the usual signature requirements because he personally was unable to obtain that number of signatures "because of the pandemic." (Doc. No. 1 at 1-2.) Plaintiff further alleges that Defendant's decision to deny him ballot access was inconsistent with Defendant's own Covid-19 relief guidelines. (Doc. No. 1 at 1-2.) Plaintiff has not set forth factual allegations in the complaint that are sufficient to state a plausible claim that Defendant's alleged failure to follow his own Covid-19 relief guidelines violated Plaintiff's Fourteenth Amendment due process rights.

Further, the relief requested in the Complaint appears to be moot. Plaintiff seeks "to be placed on the ballot for the general election for 2022." (Doc. No. 1 at 3.) That election has already occurred. A case becomes moot when it no longer presents a live controversy, the parties cease to have a cognizable legal interest in the outcome, or the court can no longer afford meaningful relief. *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001). "If events that occur subsequent to the filing of a lawsuit . . . deprive the court of the ability to give the plaintiff . . . meaningful relief, then the case is moot and must be dismissed" for lack of subject matter jurisdiction. *Id*.

Accordingly, it is ORDERED that **on or before January 13, 2023** Plaintiff shall show cause why this action should not be dismissed as moot.

Further, it is ORDERED that **on or before January 13, 2023**, to the extent Plaintiff contends this action is not moot, Plaintiff shall file an amended complaint. In the amended complaint, Plaintiff must describe with reasonable particularity facts that would plausibly entitle him to relief, including (1) facts supporting Plaintiff's contention that Defendant's actions violated Plaintiff's Fourteenth Amendment rights and (2) facts supporting Plaintiff's contention that he was entitled to relief from the required number of signatures.

*Plaintiff is specifically advised that, if he fails to show cause or to file an amended complaint as required by this order, the court will treat his failure to comply with this order as an abandonment of the claims set forth in the complaint and as a failure to prosecute this action and the undersigned will recommend that this action be dismissed.*

DONE this 20th day of December, 2022.

/s/ Jerusha T. Adams
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE