IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JARMAL JABBAR SANDERS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:22-cv-334-MHT-JTA |
| | ) | |
| JOHN H. MERRILL, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the court is the Complaint (Doc. No. 1) filed by Plaintiff Jarmal Jabbar Sanders. Also before the court is Plaintiff's Motion for Judgment on This Case. (Doc. No. 11.) For the reasons stated below, the Magistrate Judge recommends that this case be dismissed without prejudice and that Plaintiff's Motion for Judgment on This Case (Doc. No. 11) be denied as moot.

**I.  STANDARD OF REVIEW**

"[A] federal court 'ha[s] an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Thompson v. Alabama*, 293 F. Supp. 3d 1313, 1328 (M.D. Ala. 2017) (quoting *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006)). "A moot case is nonjusticiable and Article III courts lack jurisdiction to entertain it." *Troiano v. Supervisor of Elections in Palm Beach Cnty., Fla.*,

382 F.3d 1276, 1281 (11th Cir. 2004). A case is moot "'when it no longer presents a live controversy with respect to which the court can give meaningful relief,'" the case is no longer "live," or "the parties lack a legally cognizable interest in the outcome." *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335–36 (11th Cir. 2001) (quoting *Florida Ass'n of Rehab. Facilities, Inc. v. Florida Dep't of Health and Rehab. Servs.*, 225 F.3d 1208, 1216–17 (11th Cir. 2000)). "Mootness can occur due to a change in circumstances[] or . . . a change in the law." *Seay Outdoor Advert., Inc. v. City of Mary Esther, Fla.*, 397 F.3d 943, 946 (11th Cir. 2005). "If events that occur subsequent to the filing of a lawsuit or an appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." *Al Najjar*, 273 F.3d at 1336.

Liberal construction is afforded to *pro se* pleadings because they are not drafted by lawyers. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976))); *Hughes v. Lott*, 350 F.3d 1157, 1160 (11th Cir. 2003) ("'*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" (quoting *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998))). However, the leniency afforded the construction of *pro se* pleadings is not license for the court "'to serve as de facto counsel for a party . . . or to rewrite an otherwise deficient pleading . . . to sustain

2

a cause of action.'" *Nails v. AmeriCredit*, No. CIV.A. 2:10CV826, 2011 WL 310254, at *1 (M.D. Ala. Jan. 6, 2011), report and recommendation adopted, No. 2:10CV826-MHT, 2011 WL 304790 (M.D. Ala. Jan. 28, 2011) (quoting G*JR Investments, Inc. v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998) (citations omitted), overruled on other grounds by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). "While the pleadings of *pro se* litigants are liberally construed, they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie Cty. Sch. Bd.*, 399 F. App'x 563, 565 (11th Cir. 2010) (internal citations and quotation marks omitted).

## II.    FACTS AND PROCEDURAL HISTORY

On June 3, 2022, Plaintiff, a frequent *pro se* litigant in this court, filed a Complaint alleging that Defendant Alabama Secretary of State John H. Merrill violated his Fourteenth Amendment due process rights by declining to allow him to be placed on the ballot for the Alabama State House of Representatives, District 67, for the November 2022 election. (Doc. No. 1 at 1-2; Doc. No 1-1 at 1.) Defendant's stated reason for declining to place Plaintiff on the ballot was that Plaintiff did not collect the required number of signatures. (Doc. No. 1 at 1-2; Doc. No. 1-1 at 1.) Plaintiff alleges that unspecified federal and state COVID-19 "[r]elief laws" entitle him to relief from the usual signature requirements because he personally was unable to obtain that number of signatures "because of the pandemic." (Doc. No. 1 at 1-2.) Plaintiff further alleges that Defendant's decision to deny

him ballot access was inconsistent with Defendant's own COVID-19 relief guidelines. (Doc. No. 1 at 1-2.) For relief, Plaintiff seeks an injunction placing him "on the ballot for the general election for 2022." (Doc. No. 1 at 3.)

Along with his Complaint, Plaintiff also filed a motion to proceed *in forma pauperis* (Doc. No. 2), which the court granted on June 21, 2022 (Doc. No. 7).

On June 16, 2022, Plaintiff filed a Motion to be Placed on the Court's Calendar and a Motion for Appointment of Counsel. (Doc. No. 6.) By Order entered June 21, 2022, the court denied Plaintiff's motion for appointment of counsel on grounds that Plaintiff had not shown that his circumstances justified appointment of counsel, and the court denied Plaintiff's motion to be placed on the court's calendar as moot. (Doc. No. 8.)

On July 26, 2022, Plaintiff filed a Notice of Appeal purporting to appeal "this case [to] the United States Court of Appeals for the [Eleventh] Circuit." (Doc. No. 9.) On July 28, 2022, the District Judge assigned to this case entered an Order construing Plaintiff's Notice of Appeal "as an appeal to the United States District Judge of the Magistrate Judge's orders." (Doc. No. 10.)[1]

---

[1] Plaintiff's appeal to the United States District Judge remains pending. The court notes that the appeal was not filed within the fourteen-day window allowed by Fed. R. Civ. P. 72 for objections to a magistrate judge's orders. Despite the pendency of Plaintiff's challenges to the undersigned's previous orders, this Recommendation is appropriate because, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

4

On August 19, 2022, Plaintiff filed a Motion for Judgment on This Case. (Doc. No. 11.) In that motion, Plaintiff stated the following:

> REV. JARMAL JABBAR SANDERS, M.D., (PLAINTIFF) MOVES THIS HONORABLE COURT FOR A JUDGEMENT IN CONNECTION TO THIS CASE.
>
> AS THE COURT IS AWARE, AT ISSUE IN THIS CASE IS THE FACT THAT THERE IS A STATE POLICY IN PLACE THAT REQURIES INDENPENDANT CANDIDATES TO HAVE A CERTAIN NUMBER OF SIGNITURES TO BE PLACED ON THE BALLOT AS A CANDIDATE.
>
> THE NUMBER OF SIGNITURES NEEDED IN MY CASE AS A CANDIDATE IS 475 SIGNITURES.
>
> THERE IS NO ISSUE WITH MY PLATFORM AS A CANDIDATE. (SEE EXHIBITS IN COURT RECORDS)
>
> THERE IS NO ISSUE WITH MY APPEARANCE (SEE PHOTO OF ME. SEE EXHIBITS IN COURT RECORDS.)
>
> THE ONLY ISSUE HERE IS COVID.
>
> IT IS A FACT THAT I GOT SOME SIGNITURES DURING COVID BUT GOT SICK IN THE PROCEES OF TRYING TO GET THESE SIGNITURES AND I TURNED IN THE SIGNITURES THAT I HAD BUT I JUST DID NOT HAVE THE AMOUNT NEEDED THAT IS REQUIRED BY THE STATE TO BE ON THE BALLOT.
>
> BUT UNDER THE FEDERAL COVID LAW THERE IS A PROVISION IN THE LAW THAT DISALLOWS THE STATE TO IMPOSE THIS POLICY AND THIS POLICY VIOLATES FEDERAL LAW AND MY U.S. CONSTUTIONAL RIGHTS AS IT RELATES TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS.
>
> UNDER THESE CIRCUMSTANCES, (PLAINTIFF) REV. JARMAL JABBAR SANDERS, M.D., MOVES THIS HONORABLE COURT FOR AN ORDER THE STATE OF ALABAMA TO BE PLACE HIM ON THE BALLOT AS AN INDEPENDENT CANDIDATE FOR ALABAMA HOUSE OF REPRESENTATIVES DISTRICT 67, FOR THE 2022

GENERAL ELECTION. AND SUBMITS THE ATTACHED SWORN AFFIDAVIT IN SUPPORT OF THE MOTION.[2]

(Doc. No. 11 (sic).)

On December 20, 2022, the court entered an Order advising Plaintiff of the court's obligation to screen his Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and finding that the Complaint was not sufficient to state a plausible claim for relief. (Doc. No. 12 at 1-3.) Further, the court noted that "the relief requested in the Complaint appears to be moot" because Plaintiff seeks an injunction requiring Defendant to place him on the ballot for the 2022 general election, which has already occurred. (*Id*. at 3.) The court ordered Plaintiff to show cause, on or before January 13, 2023, why this action should not be dismissed as moot. (*Id*.) The court further ordered that, to the extent Plaintiff contends this action is not moot, Plaintiff was to file an amended complaint on or before January 13, 2023, in which he was to describe with reasonable particularity the facts that would plausibly entitle him to relief. (*Id*. at 4.) To date, Plaintiff has not filed a response to the order to show cause and he has not filed an amended complaint.

The issue of mootness is ripe for adjudication.

---

[2] Plaintiff attached no affidavit to his motion.

### III. DISCUSSION

The only relief Plaintiff seeks is "to be placed on the ballot for the general election for 2022." (Doc. No. 1 at 3.) That election has already occurred; thus, the court cannot provide the requested relief. Plaintiff's request for an injunction requiring him to be placed on the 2022 general election ballot is moot. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (holding that a case becomes moot when the court can no longer afford meaningful relief); *Wood v. Raffensperger*, 981 F.3d 1307, 1317 (11th Cir. 2020) (holding that a case was moot where the relief requested would require the court to "'turn back the clock and create a world in which' the 2020 election results were not certified" (quoting *Fleming v. Gutierrez*, 785 F.3d 442, 445 (10th Cir. 2015)); *Bell v. Raffensberger*, No. 1:21-CV-02486-SEG, 2022 WL 18243320, at *7 (N.D. Ga. Dec. 6, 2022) (holding that a *pro se* plaintiff's request for injunctive relief was moot where the plaintiff, who had not been placed on the ballot due to an allegedly insufficient number of signatures, sought relief from the results of "an election that ha[d] already happened").

Despite the lack of an express request for relief that is not moot, the court is mindful of its obligation to generously construe Plaintiff's *pro se* pleadings. *Erickson*, 551 U.S. at 94. Plaintiff alleges that he was unable to obtain the required number of signatures for the 2022 Alabama House race because he personally was affected by COVID-19, a circumstance upon which he further elaborated in his Motion for Judgment on This Case

7

(Doc. No. 11), where he explained that his own COVID-19 illness hindered him from obtaining enough signatures to satisfy the requirements imposed by Defendant. However, Plaintiff's Complaint contains no allegations plausibly indicating that Plaintiff is likely to again fall victim to Defendant's signature requirement polices for candidates whose signature-gathering efforts are hampered by COVID-19.

Plaintiff does not state that he intends to run for office again. Assuming, however, that he does intend to run again, there is still no reason to expect Plaintiff will again contract COVID-19 and that he will again be unable to obtain the required number of signatures as a result of his illness. Thus, the Complaint is devoid of factual allegations plausibly indicating that Defendant has standing to seek prospective relief from Defendant's policies regarding signature requirements for candidates who cannot obtain enough signatures because they contracted COVID-19, or that this case falls among those in which mootness considerations must take into account whether the issue presented is capable of repetition while evading review. *See Los Angeles v. Lyons*, 461 U.S. 95 (1983) (holding that a plaintiff lacked standing to seek an injunction against the enforcement of a police chokehold policy because he could not credibly allege that he faced a realistic threat from future application of the policy); *Hall v. Sec'y, Ala.*, 902 F.3d 1294, 1298 (11th Cir. 2018) (finding a case moot where "[t]here [wa]s no reasonable expectation that Hall, the same complaining party, will again be subject to the Alabama 3% [signature] requirement [for ballot access]

as an independent candidate or voter in a special election for a U.S. House seat"); *Bell*, 2022 WL 18243320, at *7 ("In the context of election cases, a claim is 'capable of repetition' when there is a 'reasonable expectation that [the plaintiff] will run again and be subjected to the same or similar restrictions.'" (quoting *Hall v. Sec'y, Ala.*, 902 F.3d 1294, 1305 at n.9 (11th Cir. 2018))). *Cf City of Erie v. Pap's A.M.*, 529 U.S. 277, 287 (2000) (holding, in the context of voluntary cessation of challenged conduct, that when "'there is no reasonable expectation that the wrong will be repeated,'" it "becomes impossible for the court to grant any effectual relief"); *Norwegian Cruise Line Holdings Ltd v. State Surgeon Gen., Fla. Dep't of Health*, 55 F.4th 1312, 1316 (11th Cir. 2022) ("A case is moot when 'there is no reasonable expectation that the wrong will be repeated.'" (quoting *Pap's*, 529 U.S. at 287).).

For these reasons, this case is due to be dismissed without prejudice for lack of jurisdiction because it is moot. Further, upon dismissal of the case as moot, Plaintiff's motion for judgment on the case (Doc. No. 11) is due to be denied as moot.

## IV.   CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that

1. This case be dismissed without prejudice for lack of subject matter jurisdiction; and
2. Plaintiff's Motion for Judgment on This Case (Doc. No. 11) be denied as moot.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **February 8, 2023**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Plaintiff is advised that this Recommendation is not a final order of the Court; therefore, it is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a *de novo* determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1; *see Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 24th day of January, 2023.

_____
JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE